**wNOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MICHAEL CITELL,                          :
                                         :    Civil Action No. 07-4276 (FSH)
              Plaintiff,                 :
                                         :
              v.                         :    **OPINION**
                                         :
OSCAR AVILES, et al.,                    :
                                         :
              Defendants.                :

**APPEARANCES:**

Plaintiff pro se
Michael Citell
Hudson County Jail
30 Hackensack Avenue
Kearny, NJ 07032

**HOCHBERG,** District Judge

     Plaintiff Michael Citell, a prisoner confined at Hudson
County Jail, seeks to bring this action in forma pauperis
pursuant to 42 U.S.C. § 1983, alleging violations of his
constitutional rights.  Based on his affidavit of indigence and
the absence of three qualifying dismissals within 28 U.S.C.
§1915(g), the Court will grant Plaintiff's application to proceed
in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the
Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges in an attachment to the Complaint that he is confined as a pre-trial detainee at Hudson County Jail.  He alleges in the Complaint and its attachments that the conditions at Hudson County Jail are overcrowded and unsanitary, that he is required to sleep on the floor near a malfunctioning toilet, that there are no water or toilets in the recreation yard, that the showers are dirty, that he is not receiving medical treatment for a broken tooth and an injury to his thumb, that he was made to wait eleven days for medication for chronic conditions, and that he is not allowed to go to the law library often enough and that the law library does not have sufficient paper or envelopes. Plaintiff alleges that he cannot obtain envelopes to correspond with family because there is not an indigents' commissary.  He also alleges that, while he was confined in "holding," he was not allowed to go to recreation, church, or the law library at all.

This Court construes the Complaint as attempting to assert claims (1) that the conditions deprive Plaintiff of liberty without due process and (2) that the inadequate access to the law library deprives Plaintiff of his right of access to the courts.

2

Plaintiff names as defendants Warden Oscar Aviles and Doctor
Wynn.  He seeks compensatory damages in the amount of $250,000.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to
"suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d
218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary;
the statement need only 'give the defendant fair notice of what

the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  <u>See also</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d at 906 (a court need not credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).[1]

IV.   ANALYSIS

A.   Prison Conditions

Plaintiff recites a number of conditions that he alleges violate his constitutional rights, including: deprivation of the means of corresponding with family because of the lack of an indigents' commissary; unsanitary and overcrowded cells; unsanitary showers; inadequate access to water and toilets in

---

[1] In the form Complaint, Plaintiff asserts jurisdiction pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), applicable to claims against federal officers. Plaintiff does not state that he is in custody awaiting trial on federal charges, and a review of this Court's docket does not reveal any federal charges pending against Plaintiff, nor does the federal Bureau of Prisons' Inmate Locator reflect that Plaintiff is a federal prisoner. In addition, the named defendants are not federal officers. Accordingly, this Court will review the adequacy of Plaintiff's Complaint under § 1983.

5

recreation; inadequate access to recreation and church services while in "holding;" and inadequate access to medical care for chronic conditions requiring medication, a tooth injury, and a thumb injury.

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  See Hubbard v. Taylor, 399 F.3d 150  (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).  Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials,

6

> that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees <u>qua</u> detainees. ...

441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." 441 U.S. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. 441 U.S. at 539 n.20. Nor are grossly exaggerated responses to genuine security considerations. <u>Id.</u> at 539 n.20, 561-62.

Petitioner has alleged facts sufficient to state a claim for violation of his due process rights based upon pre-trial detention conditions. This claim will be permitted to proceed.

B.    Access to Courts

Plaintiff also alleges that he has been deprived of adequate access to the law library, both while he was in "holding," when he was deprived of all access to the law library, and subsequently, when only 10 of 96 inmates in his unit are permitted to use the law library at any given time.

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983). In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights. Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

8

assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).  Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges.  See, e.g., May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000); Caldwell v. Hall, 2000 WL 343229 (E.D. Pa. March 31, 2000).  But see United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (same); United States v. Walker, 129 F.3d 1266, 1997 WL 720385, **4 (6th Cir. 1997) (same).

There is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical

sense.  ...  [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

In describing the scope of services which must be provided by the state to indigent prisoners, the Supreme Court has stated, "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them.  ...  This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access.  But the cost of protecting a constitutional right cannot justify its total denial." Bounds, 430 U.S. at 824-25, clarified on other grounds, Lewis v. Casey, 518 U.S. 343. Thus, "there is no First Amendment right to subsidized mail or photocopying.  [Instead], the inmates must point to evidence of

actual or imminent interference with access to the courts."
Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

In addition, one alternative for providing prisoners
meaningful access to the courts is the provision of counsel.  See
e.g., Bounds, 430 U.S. at 828 (approving the provision of
"adequate assistance from persons trained in the law"); Rauso v.
Zimmerman, 2006 WL 3717785, *4 (M.D. Pa. 2006) (collecting
cases); Pressley v. Johnson, 2006 WL 2806572, *5 (W.D. Pa. 2006)
(collecting cases).

Moreover, a prisoner alleging a violation of his right of
access must show that prison officials caused him past or
imminent "actual injury."  See Lewis, 518 U.S. at 348-55 and n.3
(1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

Here, Plaintiff has alleged only inadequate access to the
law library, the type of abstract claim that is not sufficient to
state a claim of constitutional injury.  Plaintiff has failed to
allege any "actual injury" with respect to a constitutionally-
protected type of claim.  Accordingly, this claim will be
dismissed without prejudice.

## V.  CONCLUSION

For the reasons set forth above, the "prison conditions"
claim will be permitted to proceed, but the "access-to-courts"
claim will be dismissed, pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for

11

failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies identified herein, the Court will grant Plaintiff leave to file an amended complaint.[2] An appropriate order follows.

                                      /s/ Faith S. Hochberg
                                   United States District Judge

Dated: November 2, 2007

_____

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.